UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS DEJESUS,

      Plaintiff,

  v.                                    22-CV-716 (JLS)

SARAH PALMER, R.N. 2, Elmira C.F.,
T. BOWMAN, C.O., Elmira C.F., SGT.
BESCHLER, Elmira C.F., S.O.R.C.
COLLINS S.M., Elmira C.F.,
SUPERINTENDEDNT JOHN RICH,
Elmira C.F.

      Defendants.
_____

      *Pro se* Plaintiff Luis DeJesus is a prisoner currently confined at the Attica Correctional Facility. Dkt. 1. He filed this action seeking relief under 42 U.S.C. section 1983 alleging that Defendants at the Elmira Correctional Facility ("Elmira") violated his right to be free from cruel and unusual punishment and his right to procedural due process. *See id.*; Dkt. 8 (first screening order).

      The Court previously granted DeJesus permission to proceed *in forma pauperis* and screened the Complaint pursuant to 28 U.S.C. sections 1915(e)(2)(B) and 1915A. The Court (1) dismissed DeJesus's Eighth Amendment verbal harassment claim because he failed to state a claim upon which relief could be granted, and (2) granted DeJesus leave to amend his Fourteenth Amendment due process claims. Dkt. 8.[1] DeJesus timely filed an Amended Complaint alleging that

---

[1] Familiarity with the first screening order, Dkt. 8, is presumed.

1

Defendants denied him procedural due process by filing a false misbehavior report against him and denying his request to call a witness at his disciplinary hearing. Dkt. 9.

The Amended Complaint fails to state a claim upon which relief may be granted and must be dismissed under 28 U.S.C. sections 1915(e)(2)(B) and 1915A.

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The Court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the Court determines that the action (1) fails to state a claim upon which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)–(2).

When evaluating a complaint, a court must accept as true all of plaintiff's factual allegations and must draw all inferences in the plaintiff's favor. *See, e.g.*, *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

I.   **THE AMENDED COMPLAINT**

DeJesus again sues Defendants Sarah Palmer, Corrections Officer T. Bowman, and Sergeant Beschler, alleging that they filed a false misbehavior report against him and verbally harassed him. DeJesus also sues Defendants Senior Offender Rehabilitation Counselor S. Collins and Elmira Superintendent John Rich,[2] again alleging that Collins denied his request to call a witness at his disciplinary hearing and found him guilty based on false allegations. *See* Dkt. 9, at 2–4.

Liberally construed, the Amended Complaint alleges the following. DeJesus was issued a Tier III false misbehavior report ("MBR") after Palmer accused DeJesus of masturbating while Palmer and Bowman were making a medication run because DeJesus refused his medication. *Id.* at 3. The MBR charged DeJesus with disorderly conduct, harassment, a sex offense, and lewd conduct. *Id.* at 3–4. Shortly after, Beschler escorted DeJesus to Elmira's Special Housing Unit ("SHU"). *Id.* Collins conducted DeJesus's disciplinary hearing, during which DeJesus requested one witness. *Id.* Collins paused the audio and proposed that DeJesus plead guilty to harassment. *Id.* DeJesus rejected the offer because he was innocent. *Id.*

---

[2] Rich was named in the original Complaint as Jane/John Doe Superintendent, Elmira C.F. *See* Dkt. 1.

Collins continued the hearing without calling DeJesus's witness. Collins found DeJesus guilty and sentenced him to 90-days in SHU/RRU.³ *Id.* DeJesus was transferred to the Fishkill Correctional Facility ("Fishkill") to serve his sentence in Fishkill's RRU. DeJesus alleges that he was "called a pervert" during his time in RRU and was denied RRU commissary, which would have entitled him to "a $90 commissary buy" every two weeks. *Id.* Instead, he was given only $5.00. *Id.* He also alleges that his family sent him a thirty-five-pound food package, but it was denied even though it was from an approved vendor. *Id.* at 3–4. The disciplinary hearing was reversed on administrative review. *Id.* at 4. DeJesus alleges he served a total of 98 days in Elmira's SHU and Fishkill's RRU. *Id.*

## III.  ANALYSIS

### A.  False Misbehavior Report

DeJesus alleges that Palmer authored the false MBR against him, and that Bowman endorsed it. *See* Dkt. 9, at 3. In general, an inmate has "no

---

³ As noted in the first screening order, Residential Rehabilitation Units ("RRUs") were created by the Humane Alternative Long Term Solitary Confinement Act ("HALT ACT"), N.Y. Correct. Law section 137. *See* Dkt. 8, at 5 n.4. RRUs were created for inmates who cannot enter segregated confinement and are defined as "therapeutic and trauma-informed, and aim to address individual treatment and rehabilitation needs and underlying causes of problematic behaviors." N.Y. Correct. Law § 2(34). Pursuant to the HALT Act, individuals in segregated confinement receive four hours of out of cell programming, including one hour of recreation, and individuals in RRUs receive at least six hours of out of cell programming with an additional hour of recreation. *Id.* at § 137(6)(j)(ii). *See generally N.Y. State Corr. Officers and Police Benevolent Ass'n, Inc. v. Hochul*, 607 F. Supp. 3d 231, 236 (N.D.N.Y. 2022) (upholding constitutionality of HALT ACT and discussing its terms generally).

4

constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). There are two exceptions to this rule: "when an inmate is able to show either (1) that he was disciplined without adequate due process as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right."[4] *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (internal quotation marks omitted). In other words, "[a]llegations concerning a false misbehavior report are generally only cognizable when there are other allegations triggering a First Amendment retaliation claim or Fourteenth Amendment due process claim." *Edwards v. Annucci*, No. 19-CV-254 (MAD/ATB), 2019 WL 3213523, at *5 (N.D.N.Y. July 17, 2019).

DeJesus alleges that, after he rejected Collins's plea offer, he was denied his one witness at the hearing, found guilty of all charges, and sentenced to 90 days of SHU time. The Court previously determined that these allegations failed to state a plausible procedural process claim but granted DeJesus leave to amend. *See* Dkt. 8, at 9–15. As addressed below, DeJesus's amended claims against Palmer, Bowman, and Beschler also fail to state a claim upon which relief can be granted. DeJesus does not allege a protected liberty interest and he does not allege that he was denied the process due at his disciplinary hearing. Therefore, this claim is dismissed without leave to amend.

---

[4] DeJesus does not allege that the report was issued in retaliation for his exercise of a constitutionally protected right.

B. **Denial of Due Process**

To allege a successful section 1983 procedural due process claim, a plaintiff must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process. *Bedoya v. Coughlin*, 91 F.3d 349, 351–52 (2d Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313, 316 (2d Cir. 1996).

1. <u>Liberty Interest</u>

A prisoner's "liberty interest is implicated by prison discipline, such as SHU confinement, only if the discipline 'imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life[.]'" *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). To assess whether the discipline imposed rises to this level, the Second Circuit has directed district courts to consider both the conditions of confinement and their duration, "since especially harsh conditions endured for a brief interval and somewhat harsh conditions endured for a prolonged interval might both be atypical." *Id.* (quoting *Sealey v. Giltner*, 197 F.3d 578, 586 (2d Cir. 1999)).

The Second Circuit has "explicitly avoided a bright line rule that a certain period of SHU confinement automatically fails to implicate due process rights" and has "explicitly noted that SHU confinements of fewer than 101 days could constitute atypical and significant hardships if the conditions were more severe than the normal SHU conditions . . . or a more fully developed record showed that even relatively brief confinements under normal SHU conditions were, in fact, atypical."

6

*Id.* at 64–65. As a result, district courts are "required to examine the conditions of confinement in comparison to the hardships endured by prisoners in general population, as well as prisoners in administrative and protective confinement, assuming such confinements are imposed in the ordinary course of prison administration." *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009) (internal quotation marks omitted). District courts are "required to examine the actual circumstances of confinement and to identify with specificity the facts upon which their conclusions are based." *Id.* at 134 (citations omitted). A detailed factual record is required unless the period spent in SHU was exceedingly short—less than 30 days—and there is no indication that the plaintiff endured unusual SHU conditions. *Id.* at 135.

DeJesus alleges—as he did in the original Complaint—that Collins did not call his only requested witness and found him guilty of all charges after offering a plea of guilty to harassment. Dkt. 9, at 3. He was sentenced to 90 days of SHU/RRU time and alleges that he served a total of 98 days between his SHU time at Elmira and RRU time at Fishkill. He further alleges that when he was in Fishkill's RRU he was called a pervert, denied his $90 of commissary privileges, and denied a package from his family. *Id.* at 3–4.

The Court previously determined that DeJesus failed to allege a protected liberty interest because he alleged that he served a total of 98 days in SHU and RRU, but alleged nothing regarding the conditions of his confinement or suggesting that his confinement was unduly harsh or posed an atypical and significant

7

hardship. Dkt. 8, at 12–13. DeJesus's additional allegations that he was denied his $90 commissary privilege and a package does not plausibly allege a protected liberty interest. *See, e.g., Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (confinement in SHU for 90 days was insufficient to implicate protection under *Sandin*); *Wells v. Evans*, 15-CV-6094 CJS, 2016 WL 8066871, at *6 (W.D.N.Y. Mar. 2, 2016) (101-day confinement and loss of privileges does not rise to a liberty interest).

The Court granted DeJesus leave to amend to "set forth facts plausibly alleging that the SHU and RRU conditions he experienced were more severe than the normal SHU conditions . . . or a more fully developed record showed that even relatively brief confinements under normal SHU conditions were, in fact, atypical." Dkt. 8, at 12–13. He has failed to allege any such facts and, therefore, cannot state a plausible procedural due process claim.

2. Due Process

Even assuming that the Amended Complaint alleged a liberty interest, the Court also determines that DeJesus has not alleged a denial of due process. The Court previously determined that DeJesus failed to allege that the denial of his one witness was a violation of his due process rights under *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974), because he alleged no facts "regarding his witness, whether Collins indicated why he did not call the witness, or how he was prejudiced by the failure to call the witness." Dkt. 8, at 14. The Court granted DeJesus leave to provide those allegations, but his Amended Complaint similarly falls short.

Accordingly, DeJesus has failed to allege that he was denied due process at the hearing and the Amended Complaint is dismissed without leave to amend.

Because the Court previously apprised DeJesus of the elements required to plead a due process claim, a claim based on a false misbehavior report, and pointed out the deficiencies in his pleading with respect to these claims, DeJesus is denied leave to amend again. *Williams v. Baxter*, No. 22-CV-6117-EAW, 2023 WL 5584345, at *3 (W.D.N.Y. Aug. 29, 2023) (when a plaintiff has been apprised of the deficiencies in his complaint and put on "the plainest notice of what was required," but has still not alleged any facts that plausibly state a claim for relief, dismissal without leave to amend is appropriate).[5]

## CONCLUSION

For the reasons discussed above, the Amended Complaint is dismissed without leave to amend pursuant to 28 U.S.C. sections 1915(e)(2)(B) and 1915A. DeJesus is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. sections 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

---

[5] The Court also previously determined that the Complaint did not allege that Elmira's Superintendent Rich was personally involved in the alleged due process violation and Plaintiff was granted leave to amend the claim. Dkt. 8, at 15–16. The Amended Complaint alleges only that Rich "let my due process rights be violated." Dkt. 9, at 3. This fails to state a claim against Rich, even assuming Plaintiff had alleged an actionable due process claim. *See* Dkt. 8, at 15.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 Led.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:    May 31, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE